W. LARRY and EILEEN P. SWECKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swecker v. Commissioner
Docket No. 16078-81.
United States Tax Court
T.C. Memo 1983-368; 1983 Tax Ct. Memo LEXIS 415; 46 T.C.M. (CCH) 552; T.C.M. (RIA) 83368; June 22, 1983. Bruce I. Hochman and William M. Weintraub, for the petitioners. Jeffry L. Millward, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, JUDGE: Respondent *417 determined deficiencies in and additions to petitioners' Federal income tax as follows: Sec. 6653(a) [1]
Year
Deficiency
Addition to Tax
1977
$668
$33
1978
856
44
1979
559
28
The issues are (1) whether petitioners are entitled to deduct interest payments made on a note contributed to a trust established for the benefit of their children, and (2) whether petitioners are liable for additions to tax for negligence in 1977, 1978, and 1979. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioners, W. Larry and Eileen P. Swecker, were residents of Las Vegas, Nev., when they filed their petition herein. At all relevant times, petitioner W. Larry Swecker was a certified public accountant employed by the Las Vegas accounting firm of Keltner, Milam & Co. In September 1977, petitioners established a trust for the benefit of their daughter. They backdated the trust agreement to January 10, 1977. The trust agreement designates Keltner, Milam & Co. as trustee and provides that the trust property *418 will not revert to the grantor until 10 years and 10 days after the property has been contributed to the trust. Petitioners funded the trust with $10.00 and their own promissory note in the amount of $20,000 made payable to the trustee. The note was executed in September 1977 although it was likewise backdated to January 10, 1977. The note requires the principal to be paid in 6 equal installments beginning in 1981, bears an annual rate of interest of 12 percent, and is secured by a deed of trust on petitioners' residence. Petitioners made interest payments of $2,400 on the note in each of the years in question. Petitioners claimed deductions on their 1977, 1978 and 1979 Federal income tax returns for these interest payments. In his notice of deficiency, respondent disallowed these deductions. OPINION The first issue is whether petitioners are entitled to deduct interest payments made on the note. Petitioners contend the transaction herein complies with the grantor trust rules since the note is property and was transferred to a trust for a period greater than 10 years. Secs. 671-678. Respondent contends that, notwithstanding the grantor trust rules, such interest payments *419 are not deductible because the note was given without consideration and is, therefore, unenforceable. We agree with respondent. This Court has held on several occasions that interest paid on an unenforceable obligation is not deductible. ; , affd. ; , affd. .Whether an obligation is legally enforceable is a question that must be analyzed under the applicable state law. ; Under Nevada law, as under the common law generally, a promissory note given without consideration is clearly not enforceable by the donee against the donor. ; ; . See *420 (New Jersey law); (Iowa law); ; . Since petitioners herein received no consideration for the note from the trustee, we hold that petitioners' payments of interest on the note were wholly gratuitous and are, therefore, not deductible under section 163(a). [2]
The second issue is whether any part of the underpayment in each of the years in question was due to negligence. Petitioners bear the burden of proof on this issue. . Petitioners executed the note and prepaid the first year's interest in September 1977. Even assuming the interest payment was deductible, section 461(g) would have prevented petitioners from deducting the full amount of the payment in 1977 because a portion of the interest was allocable to 1978. The backdating of the *421 note to January 10, 1977, has no legal effect. Since petitioners claimed a deduction in 1977 for the full amount of the interest payment with no justifiable reason, they are clearly liable for an addition to tax in 1977 for negligence. With respect to petitioners' 1978 and 1979 taxable years, however, we find the facts herein presented substantial questions of law and, based on the record as a whole, petitioners reasonably believed they were entitled to deduct their interest payments. See , affd. per curiam . Accordingly, we hold petitioners are not liable for an addition to tax for negligence in 1978 and 1979. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. This Court reached the same conclusion on virtually identical facts in .↩